JOSEPH KENNEDY, RESPONDENT, *v.* THE PRESS PUBLISH-ING COMPANY, APPELLANT.

*Libel — when the complaint must allege facts showing special damages.*

The complaint in this action alleged that the plaintiff was the proprietor of a concert hall at Coney Island, and that the defendant had published, of and concerning him, a libelous article, which was set forth in the complaint. The article purported to be a description of various saloons at Coney Island, and of their frequenters. There was no mention made of the plaintiff, save that there appeared in the article a cut or picture of the interior of a saloon, with the words beneath " In Kennedy's." Taking the article in the strongest sense it would bear, with the aid of proper innuendoes, it was a charge that the saloons of which it speaks are the resorts of improper characters, and that the influence of the associations there had are bad. It does not charge that the plaintiff conducted his saloon improperly, or that he was responsible for the character of the guests.

*Held,* that the article was a libel on the place and not on the plaintiff, and that in the absence of any averment of special damages, the facts stated did not constitute a cause of action.

APPEAL from an interlocutory judgment, entered in Kings county upon an order overruling a demurrer interposed to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

*Roscoe Conkling,* for the appellant.

*David T. Lynch,* for the respondent.

CULLEN, J.:

It is settled by authority that a libel on a thing is not actionable unless the owner of the thing alleges and proves that he has sustained pecuniary loss as a necessary or natural consequence of the publication. (Townsend on Libel, par. 204; *Tobias* v. *Harland*, 4 Wend., 537.) Though some of the cases seem in conflict with this principle, the conflict is more apparent than real. A libel on a thing may constitute a libel on a person. Thus to say of a brewer that he adulterates his beer, would be a libel upon him in his trade, not because of the allegation that the beer was bad, but because the language would import deceit and malpractice on the part of the brewer. It is, therefore, at times difficult to determine, whether the publication attacks the person or merely the thing, and any apparent conflict in the authorities arises out of this difficulty. There is no dispute as to the principle, the difference is only as to the application of the rule.

In this case there is no allegation of pecuniary loss. The complaint merely alleges that the defendant published of the plaintiff the libelous article set forth. The demurrer admits only the publication and falsity of the charge. Whether the publication is a libel on the plaintiff must be determined by its examination, and not by the averment of the complaint.

The article complained of purports to be a description of various saloons at Coney Island, and of their frequenters. There is no mention of the plaintiff, save that there appears in the article a cut or picture of the interior of a saloon with the words beneath "In Kennedy's." The complaint is entirely wanting in innuendoes, and its only allegations are that the plaintiff was the proprietor of a concert hall, and that the publication, the whole of which is set forth, was of and concerning him. There is nothing in the cut or picture itself reflecting on any person. Taking the article in the strongest sense which it would bear, with the aid of proper innuendoes, it is a charge that the saloons of which it speaks are the resorts of improper characters, and that the influence of associations had there are bad. It may be also assumed that it charges that the plaintiff's saloon is one of this character. Granting all this, we think the libel is on the place and not on the person. There is nothing in the article charging that the plaintiff conducts his saloon

improperly, or that he is responsible for the character of the guests. All that is alleged in the article may be true and without fault on the part of plaintiff.

As the complaint avers no special damage, we think that it fails to set forth a good cause of action. The order appealed from should be reversed, and judgment rendered for defendant on demurrer, with costs, with leave to plaintiff to amend on payment of costs.

Barnard, P. J., concurred; Dykman, J., not sitting.

Order overruling demurrer and judgment thereon reversed and judgment for defendant rendered on demurrer, with leave to plaintiff to amend in twenty days on payment of costs.